Liana MARDOYAN; Samvel Mardoyan, Petitioners,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 04–70297.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 8, 2007.

Filed March 19, 2007.

Howard R. Davis, Esq., Attorney at Law, Los Angeles, CA, Lea Greenberger, Attorney at Law, Encino, CA, for Petitioners.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Linda S. Wendtland, Esq., Luis E. Perez, Esq., DOJ–U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: RYMER, WARDLAW, and M. SMITH, JR., Circuit Judges.

MEMORANDUM *

Liana and Samvel Mardoyan, natives and citizens of Armenia, petition for review of the Board of Immigration Appeals'

(BIA) denial of their applications for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). The Immigration Judge (IJ) found Liana, the lead petitioner, credible and that she established past persecution based on political opinion, but withheld relief based on his conclusion that she failed to demonstrate that internal relocation would not avoid future persecution. The BIA affirmed. We have jurisdiction to review this petition under 8 U.S.C. § 1252, and we grant the petition in part, deny it in part, and remand for further proceedings.

Substantial evidence does not support the BIA's finding that Liana could avoid future persecution by reasonable relocation to another part of Armenia. *Kaiser v. Ashcroft*, 390 F.3d 653, 659 (9th Cir.2004). The IJ improperly placed the burden of proof on Liana, and the BIA, while implicitly recognizing the IJ's error when it recharacterized his finding, improperly relied upon insufficient and generalized grounds for concluding that the government met its burden. *Melkonian v. Ashcroft*, 320 F.3d 1061, 1070 (9th Cir.2003) (explaining that where an applicant establishes past persecution, the government bears the burden of proving by a preponderance of the evidence that internal relocation is safe and reasonable).

Although Liana's children have remained without incident following relocation within Armenia, there is no evidence that Liana's "family is similarly situated or subject to similar risk, and nothing in the record supports an inference that their safety ensures" Liana's safety. *Lim v. INS*, 224 F.3d 929, 935 (9th Cir.2000). Nor is the "post-threat harmless period" of

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

two years relied upon by the BIA sufficient to rebut the presumption of future persecution. *Cardenas v. INS,* 294 F.3d 1062, 1067 (9th Cir.2002). Finally, the BIA improperly relied upon generalized information from the 2000 State Department Report, rather than Liana's particular circumstances, which included credible testimony that the Armenian Prime Minister was unable or unwilling to help her, that the national police arrested and abused her for her political opinion, *Singh v. Moschorak,* 53 F.3d 1031, 1034 (9th Cir. 1995) (holding there are no "safe places within a nation when it is the nation's government that has engaged in the acts of punishing opinion that have driven the victim to leave the country"), and that she would continue to face retaliation for protesting official corruption wherever she relocated within Armenia, *Mamouzian v. Ashcroft,* 390 F.3d 1129, 1137 n. 6 (9th Cir.2004) ("Were [the alien] to refrain from political protest in the future, she very well might be able to escape future persecution. However, ... we do not require renunciation of anti-government political beliefs.").

Substantial evidence supports the denial of Liana's CAT claim because she failed to show that it is more likely than not that she will be tortured if removed to Armenia. *Khup v. Ashcroft,* 376 F.3d 898, 906 (9th Cir.2004).

We therefore remand the Mardoyans' asylum claim to the Attorney General for an exercise of discretion as to whether to grant the Mardoyans relief. *See Mashiri v. Ashcroft,* 383 F.3d 1112, 1123 (9th Cir. 2004). We also remand the issue of withholding of removal to the BIA for a determination in the first instance pursuant to *INS v. Ventura,* 537 U.S. 12, 16, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002). Costs will be awarded to the petitioners.

**Petition GRANTED IN PART, DENIED IN PART, and REMANDED.**